COMMONWEALTH *vs.* MELVIN HUBERT. March 12, 2009. *Motor Vehicle,* Operating under the influence. *Evidence,* Breathalyzer test.

The defendant, Melvin Hubert, was indicted on a charge of operating a motor vehicle while under the influence of intoxicating liquor, fourth offense, in violation of G. L. c. 90, § 24 (1) (*a*) (1). A jury found him guilty of operating while under the influence, and, in a separate jury-waived trial on the subsequent offense portion of the indictment, a judge found him guilty of operating while under the influence, second offense.[1] The Appeals Court reversed. *Commonwealth* v. *Hubert,* 71 Mass. App. Ct. 661 (2008). The court noted that "the defendant was charged with violating the statute only by driving while under the influence of intoxicating liquor," and that "[n]o mention was made in the indictment of driving with blood alcohol of .08 or greater." *Id.* at 663. The court concluded that in these circumstances it was error for the trial judge, over the defendant's objection, to allow the Commonwealth to introduce breathalyzer evidence, and to instruct the jury that they might infer a violation of the statute on the basis thereof, without accompanying expert testimony. *Id.* See *Commonwealth* v. *Colturi,* 448 Mass. 809, 817-818 (2007). The Appeals Court rejected the Commonwealth's argument that even if the breathalyzer evidence was wrongly admitted, the conviction should be affirmed because of the strength of the other evidence of the defendant's intoxication. *Commonwealth* v. *Hubert,* *supra* at 663-664. We granted the Commonwealth's application for further appellate review.

We agree with the Appeals Court, for the reasons expressed by that court, that the breathalyzer evidence was improperly admitted. The admission of the breathalyzer result without explanatory expert evidence was also inconsistent with the judge's admonition to the Commonwealth that the only theory on which it could proceed was an "impairment" theory and not a "per se" theory. See *Commonwealth* v. *Colturi,* *supra.* That being the case, the question becomes whether our "conviction is sure that the error did not influence the jury, or had but very slight effect . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected." *Commonwealth* v. *Flebotte,* 417 Mass. 348, 353 (1994), quoting *Commonwealth* v. *Peruzzi,* 15 Mass. App. Ct. 437, 445 (1983). The standard of appellate review for an objected-to error is, in other words, whether an appellate court can say with a requisite degree of certitude that the erroneously admitted evidence played little or no role in the verdict.

We conclude, as did the Appeals Court, that this is not a case of harmless error. The breathalyzer evidence in this case was extremely incriminating, indicating that the defendant's blood alcohol level was twice the statutory limit.[2] The erroneously admitted evidence was also featured in both the prosecutor's closing argument and in the judge's instructions. This evidence thus could have been of considerable interest to the jury, and might very well have made a difference by convincing them to disbelieve the defendant's various

---

[1] At the subsequent offense trial, the Commonwealth conceded that it did not have adequate proof of the defendant's identity as to two of the three alleged prior convictions. The defendant stipulated to his identity as to one prior conviction.

[2] Both the prosecutor and the judge informed the jury that the statutory limit for a blood alcohol level is .08 per cent.

attempts to chip away at the Commonwealth's other evidence. The Commonwealth's other evidence was not overwhelming as that term is correctly understood: it was not so compelling as to offset the error and satisfy us that the breathalyzer evidence played little or no role in the outcome.

Accordingly, the judgment of conviction is reversed, the verdict set aside, and the case remanded for a new trial.

*So ordered.*

*Carina R. Canaan,* Assistant District Attorney, for the Commonwealth.
*Thomas C. Foley* for the defendant.